FILED
Mar 22, 2021
09:16 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **REAZKALLAH ABDELSHAHAED,** | ) | **Docket No. 20120-05-0836** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TAYLOR FARMS,** | ) | **State File No. 56254-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERICAN ZURICH INS. CO.** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court on March 17, 2021, for an Expedited Hearing on whether Mr. Abdelshahaed is likely to prove at a hearing on the merits that he is entitled to benefits. Because he has not shown with a doctor's opinion that his injury arose primarily out of and in the course and scope of employment with Taylor Farms, the Court holds that he did not meet this burden and denies the requested benefits.

### History of Claim

After working at Taylor Farms as a product handler for about three years, Mr. Abdelshahaed developed pain in his right hand. He reported the problem to his supervisors, who advised that Taylor Farms would provide medical treatment. However, Mr. Abdelshahaed felt the process was taking too long, and he sought treatment on his own from Dr. Adam Cochran.

Dr. Cochran first saw Mr. Abdelshahaed on July 1, 2020, and diagnosed "work related trigger finger" of the right ring finger. He prescribed therapy and took Mr. Abdelshahaed off work for two weeks. Mr. Abdelshahaed returned several times until August 8, at which time Dr. Cochran referred him to a specialist. Dr. Cochran's Return-to-Work note of that date states: "Trigger finger is most likely work related. (51% more likely)."

1

One day before Mr. Abdelshahaed's last visit with Dr. Cochran, Taylor Farms completed a first report of injury on August 7 and offered a panel of physicians. He selected Dr. Joseph Weick and saw the doctor on August 20.

Dr. Weick noted a three-month history of finger pain after Mr. Abdelshahaed changed job duties and began working at a higher volume with fewer breaks. He diagnosed trigger finger. Dr. Weick also wrote: "We discussed at length that there is no evidence that this is specifically work related. He has no specific history of injury and under Tennessee law this is not work related." He reiterated this in a later note, adding, "0% work related."

At the hearing, Mr. Abdelshahaed requested medical treatment, payment of his medical bills, and temporary disability benefits.[1] Taylor Farms contended that Mr. Abdelshahaed is not entitled to benefits because he did not prove that his injury was primarily caused by work.

**Findings of Fact and Conclusions of Law**

Mr. Abdelshahaed must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove a compensable injury, Mr. Abdelshahaed must show that his alleged injuries arose primarily out of and in the course and scope of his employment. This includes the requirement that he must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

In this case, the Court is faced with two medical opinions. Dr. Cochran said that Mr. Abdelshahaed's trigger finger is most likely work-related; Dr. Weick said it was not.

The Court first notes that both opinions are flawed. Dr. Weick suggested that the reason Mr. Abdelshahaed's injury was not work-related is because there was "no specific

---

[1] Mr. Abdelshahaed also testified about a later knee injury and a cut he suffered on one of his fingers. He contended both injuries were the result of Taylor Farms's retaliation against him for filing this claim. As neither of those injuries or injury dates was identified in the Petition for Benefit Determination or the Dispute Certification Notice, they are not properly part of this case. Similarly, the Court has no authority to address Mr. Abdelshahaed's allegations of bullying, assault, and eventual termination. Any recourse he might have for those allegations, including his lost wages and health insurance, lies outside of the Court of Workers' Compensation Claims.

history of injury and under Tennessee law this is not work related." This is not an accurate statement of the law. Section 50-6-102(14) provides that cumulative trauma and repetitive motion conditions may be compensable, so long as they arise primarily out of work. To the extent Dr. Weick's opinion may be based on a misstatement or misunderstanding of the law, the Court finds it unreliable.

Dr. Cochran's opinion fares poorly for a different reason. Although he need not use the specific causation language of the statute, his opinion must be sufficient for the Court to conclude that the statutory requirements of an injury are satisfied. *Panzarella v. Amazon.com, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *14 (May 15, 2017). Dr. Cochran's opinion does not meet this threshold. His statement, "Trigger finger is most likely work related. (51% more likely)," establishes only that Mr. Abdelshahaed's condition is more likely than not "work related." It does not address whether the injury was primarily caused by the work or merely related to it.

Without a reliable medical opinion, the Court cannot find at this time that Mr. Abdelshahaed is likely to prevail on proving that his injury arose primarily out of his employment.

Even if the Court were to accept the medical opinions, the result would be unchanged. Because Mr. Abdelshahaed selected him from a panel of physicians, Dr. Weick's opinion is presumed to be correct. *See* Tenn. Code Ann. § 50-6-102(14)(E). The question, therefore, would be whether the preponderance of the evidence is sufficient to rebut that presumption. The only medical proof on this issue is the short, unexplained conclusion of each doctor. Without more information, the mere existence of disagreement between the doctors would be insufficient for the Court to find the presumption rebutted by a preponderance of the evidence.

Finally, the Court notes that Mr. Abdelshahaed testified without rebuttal that, after he reported the injury, Taylor Farms failed to provide medical treatment for several weeks, which led him to treat with Dr. Cochran for at least a month before receiving a panel. This failure to promptly provide a panel is contrary to Tennessee Compilation Rules and Regulations 0800-02-01-.06(2). Therefore, the Court refers this case to the Compliance Program for investigation and possible assessment of a civil penalty. Upon its issuance, a copy of this Order will be sent to the Compliance Program. *See* Tenn. Comp. R. & Regs. 0800-02-24-.03.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Abdelshahaed's claims against Taylor Farms for medical and temporary disability benefits are denied at this time.

2. This case is set for a Scheduling Hearing on June 22, 2021, at 9:00 a.m. You must

3

call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED March 22, 2021.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Agreed indexed records
2. FMLA application
3. UNUM disability application
4. August 28, 2020, WorkLink Report signed by Dr. Keith Douglas
5. Work status reports from Dr. William Mayfield (Identification only)
6. Hughston Clinic payment summary and therapy records (Identification only)
7. Smyrna Police incident report
8. Separation Notice
9. Affidavit of Mr. Abdelshahaed
10. May 21, 2020 Excuse Slip from Rama Medical Group
11. Medical records from Hughston Clinic

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on March 22, 2021.

| Name | Certified Mail | Email | Service Sent To |
|---|---|---|---|
| Reazkallah Abdelshahaed | | X | reazkallahabdelshahaed@yahoo.com |
| Peter Rosen, Employer's Attorney | | X | prosen@vkbarlaw.com |
| MOST | | X | patsy.bumbalough@tn.gov peggy.haley@tn.gov |
| Compliance Program | | X | Wccompliance.program@tn.gov |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____ , 20 _____ .


_____

*[Signature of appellant or attorney for appellant]*